UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,  )
  )
  )  08-CR-430
v.  )
  )  **Statement of Reasons Pursuant to**
  )  **18 U.S.C. § 3553(c)(2)**
  )
HAWER CARRERO,  )
  )
  Defendant.  )
  )

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456,

2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 6, 2008, Hawer Carrero pled guilty to count one of a two-count indictment, which charged that between October 2007 and May 2008, the defendant, together with others, conspired to defraud banks, in violation of 18 U.S.C. §§ 1349 and 1344.

Carrero was sentenced on April 21, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between thirty-three and forty-one months. A two-level enhancement for obstruction of justice was warranted based upon the defendant's post-arrest efforts to destroy documentary evidence implicating him in the criminal scheme. The offense carried a maximum term of imprisonment of thirty years. See 18 U.S.C. § 1344. The guidelines range of fine was from $7,500 to $75,000. The underlying charges in the indictment were dismissed upon motion by the government.

Carrero was sentenced to thirty-three months imprisonment and three years supervised release. A $100 special assessment was imposed. No fine was imposed because it is unlikely the defendant will have the money to pay a fine in the foreseeable future. Restitution was ordered in the amount of $640,329, without objection, to the victim banks based on each bank's

stated losses, to be paid at a rate of $100 per month beginning at the end of supervised release. See 18 U.S.C. §3663A.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious because the defendant, who knowingly overstayed his United States tourist's visa, intentionally engaged in mortgage fraud that did significant harm to several banks and straw buyers. Carrero is intelligent has achieved academic and vocational success, including earning a pilot's license in his home country of Venezuela. He is hard-working, capable of leading a productive life, and has demonstrated remorse and commitment to avoiding future criminal activity. His family provides considerable support to him, and his responsibility to his young son appears to motivate him to improve himself while in prison and following his release. A sentence at the bottom of the guidelines range reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in financial fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. A longer sentence than that imposed is

not needed due to the likelihood of deportation and lack of opportunity to commit further crimes in this country. It is unlikely that he will engage in further criminal activity in light of his family circumstances, expressions of remorse, and history as a capable and hard worker.

Jack B. Weinstein
Senior United States District Judge

Dated: April 29, 2009
      Brooklyn, New York